**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4500**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PRICE JAVON PATTERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:22-cr-00082-TSK-MJA-1)

Submitted:  June 25, 2026                                      Decided:  June 29, 2026

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Charles T. Berry, CHARLES T. BERRY, Kingmont, West Virginia, for Appellant.  Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Price Javon Patterson pleaded guilty, without a written plea agreement, to possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi). The district court sentenced Patterson to 188 months' imprisonment and four years of supervised release. On appeal, Patterson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Patterson's counsel provided ineffective assistance, whether Patterson was properly designated as a career offender, and whether Patterson's sentence is substantively reasonable. In his pro se supplemental brief, Patterson asserts that: (1) his counsel was ineffective; (2) he should not have received two two-level enhancements for uncharged conduct; (3) he is not a career offender because his § 841(a)(1) conviction is an attempt crime that does not qualify as a controlled substance offense under *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), *overruled in part by Guidelines amendment as recognized in*, *United States v. Jackson*, 127 F.4th 448, 451 n.2 (4th Cir. 2025); and (4) he was incorrectly sentenced under the 2023 U.S. Sentencing Guidelines Manual.

"Unless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). The record before us does not conclusively establish that sentencing counsel rendered ineffective assistance. Accordingly, Patterson's "ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion."

2

*United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

With respect to the procedural reasonableness of Patterson's sentence, the district court correctly calculated the Guidelines range, considered the parties' arguments and Patterson's individualized circumstances, offered Patterson the opportunity to allocute, and explained why the chosen sentence was appropriate. Further, the district court did not err in concluding that Patterson's prior state felony convictions qualified as career offender

3

predicates.    First, the district court properly found that Patterson's conviction for aggravated assault under 18 Pa. Cons. Stat. § 2702(a)(1) was a crime of violence and a categorical match for generic aggravated assault, as the statute requires more than mere recklessness to commit the offense.  *See Borden v. United States*, 593 U.S. 420, 445 (2021) (holding offenses with mens rea requirement of recklessness do not qualify as crimes of violence); *see also Commonwealth v. Packer*, 168 A.3d 161, 170 (Pa. 2017) (holding mere recklessness insufficient to satisfy mens rea requirement of aggravated assault and that higher degree of culpability is required).  Second, Patterson's conviction of possession with intent to deliver synthetic marijuana under W. Va. Code Ann. § 60A-4-401(a) is a controlled substance offense.  *Campbell* did not render every offense under the statute an inchoate crime because the statute is divisible as to drug conduct, and *Campbell* only addressed delivery under the statute—whereas Patterson was convicted of possession with intent to deliver.  *See Campbell*, 22 F.4th at 442, 444 (defining delivery to include attempted delivery because the statute made no distinction between the two).  Lastly, Patterson's claim that the instant § 841(a)(1) conviction is an attempt offense, and therefore not a controlled substance offense, is foreclosed by our decision in *United States v. Groves*, 65 F.4th 166, 173-74 (4th Cir. 2023) (holding § 841(a)(1) is a controlled substance offense and does not criminalize attempt offenses under USSG § 4B1.2(b) (2021)).

Lastly, Patterson asserts that he should not have received two two-level enhancements for possessing a dangerous weapon under USSG § 2D1.1(b)(1) and maintaining a premises for the purpose of manufacturing or distributing a controlled substance under USSG § 2D1.1(b)(12) when he was not charged with that conduct.  The

4

court properly applied the enhancements as the Government proved by a preponderance of the evidence that Patterson possessed a ghost gun near drugs and drug money, and that Patterson's primary purpose in possessing a motel room was to distribute drugs. *See United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009) (holding courts may consider uncharged conduct in determining sentence if conduct proven by preponderance of evidence). Accordingly, we conclude that Patterson's sentence is procedurally reasonable.

Turning to substantive reasonableness, the district court balanced the § 3553(a) factors and found that the sentence reflected Patterson's violent criminal history and possession of a ghost gun attendant to drug activities. Further, the court found that the sentence reflected the seriousness of the offense and promoted respect for the law. We thus conclude that Patterson fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence. Additionally, contrary to Patterson's assertions, he was sentenced under the 2021 Guidelines.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Patterson, in writing, of the right to petition the Supreme Court of the United States for further review. If Patterson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Patterson.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*